## D. B. KELLEY v. W. S. CARVER, SHERIFF OF MARTIN COUNTY AND OTHERS.[1]

November 10, 1922.

No. 23,210.

**Appointment of receiver in sequestration proceeding on petition of person not a creditor invalid.**

In an action for the appointment of a receiver, for the purpose of sequestration, where it appears upon the face of the complaint that the plaintiff had no interest in the property for which a receiver was asked, *held* that the plaintiff had no right of action and that the order appointing a receiver was without authority of law.

Action in the district court for Martin county for the appointment of a receiver of defendant telephone company. The story of the litigation will be found in the first paragraph of the opinion. From the order appointing the receiver, Dean, J., defendant appealed. Reversed.

*Haycraft & McCune*, for appellant.

*Cooper & Gaarenstroom*, for respondent.

QUINN, J.

The defendant telephone company is a corporation owning and operating a telephone line and exchange in the counties of Martin and Watonwan. The defendant Wolter obtained a judgment of $8,683.65 for personal injuries against the telephone company. On July 22, 1922, an execution was issued upon the judgment and placed in the hands of the defendant Carver, as sheriff of Martin county, for collection. Immediately thereafter the summons and complaint and order to show cause herein were served upon each of said defendants. The order to show cause was based upon the summons and complaint, and returnable August 19, 1922. The time for answering had not then expired. The motion and order to show cause were submitted upon the summons and complaint

[1]Reported in 190 N. W. 483.

and three affidavits filed on behalf of the telephone company. The court filed an order granting the motion, appointing a receiver to take charge of the property and effects of the telephone company, with power to collect its outstanding claims, operate its business, sell its property, levy an assessment against its stockholders and pay its debts. This appeal is from that order.

The plaintiff, as appears from the record, is not a creditor of the telephone company, nor is he in any way interested in its affairs, except that he is a subscriber to its telephone exchange. The affidavits filed on behalf of the telephone company were to the effect that the company was not insolvent; that it did not have the ready money with which to pay said judgment; that otherwise the affairs of the company were in good shape and carefully handled, and that it had done nothing to in any manner prevent the defendant Wolter from perfecting his judgment as a first lien against its property. No levy has been made under the execution, nor has the same been returned by the sheriff.

It is clear from the face of the complaint that the plaintiff had no interest in the property for which a receiver was asked and therefore had no right of action. The power to appoint a receiver for a corporation for the purpose of sequestration, is conferred by the statute. Section 6634, G. S. 1913. Under this statute the complaint fails to state a cause of action and the court's order appointing a receiver is without authority of law.

Reversed.